IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES ANTWONE ACY,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:24-CV-437-L-BN** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

On February 28, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court dismiss without prejudice this habeas action for failure to exhaust state remedies. No objections to the Report were received as of the date of this order, and the deadline for filing objections has expired.

Having considered Petitioner's habeas petition, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action as a result of Petitioner's failure to exhaust state remedies.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner

---

[*] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the

Order – Page 1

has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. If Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 4th day of March, 2024.

Sam A. Lindsay
United States District Judge

---

court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.